Noel **MASON**, Plaintiff–Appellant,

v.

**GENISCO TECHNOLOGY CORPORATION**, Defendant–Appellee.

No. 91–55108.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 1991 *.

Decided March 31, 1992.

---

* The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

Syd Phillips, Houston, Tex., for plaintiff-appellant.

James A. Bowles, Hill, Farrer & Burrill, Los Angeles, Cal., for defendant-appellee.

Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Noel Mason appeals the district court's grant of summary judgment in favor of Genisco Technology Corporation ("Genisco") on Mason's wrongful termination claims under California and Texas law. We reverse.

I

Genisco filed a complaint against Mason in the United States District Court for the Central District of California on December 22, 1988. In the action, Genisco requested the court to compel Mason to arbitrate a dispute regarding Mason's employment contract or, alternatively, to issue a declaratory judgment stating that it terminated him for cause. Genisco attempted to serve Mason by mailing copies of the summons and complaint to his residence by first-class mail, postage prepaid, return receipt requested. With the summons and complaint Genisco included a notice and acknowledgment form. Mason's wife signed the return receipt, but Mason never signed and returned the acknowledgment form. On April 18, 1989, the district court granted the requested declaratory relief in a default judgment.

Mason filed a complaint against Genisco in Texas state court in August, 1989, alleging causes of action against Genisco for

breach of contract, fraud, and intentional infliction of emotional distress. Genisco removed the action to the United States District Court for the Southern District of Texas. On May 26, 1990, the Texas district court transferred the action to the United States District Court for the Central District of California.

In June, 1990, Mason filed a motion for relief from the earlier default judgment pursuant to Fed.R.Civ.P. 60(b)(4), claiming that Genisco had not properly served its complaint and thus the court in that action lacked personal jurisdiction. The district court denied the motion. Genisco then filed a motion for summary judgment on September 26, 1990, alleging that the instant action was barred by res judicata based on the earlier default judgment. The district court granted Genisco's summary judgment motion. Mason timely appeals.

## II

■ We review de novo the district court's grant of summary judgment. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985). We also review de novo whether the earlier default judgment against Mason was void because the court lacked personal jurisdiction over Mason. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *as amended*, 807 F.2d 1514, *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

■ Under the doctrine of res judicata, a final judgment bars further litigation by the same parties based on the same cause of action. *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 593 (9th Cir. 1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986). In the earlier action, Genisco (1) petitioned to compel arbitration of a dispute regarding the propriety of its termination of Mason and (2) sought a declaration that it terminated him for cause and did not breach his employment contract. The district court granted the requested declaratory relief in a default judgment. In the present action, Mason brought claims against Genisco for breach of his employment contract and fraud.

This action involved the same parties and claims as did the previous action. Accordingly, Mason concedes that if the earlier default judgment is valid, it has res judicata effect in this action and the district court properly granted summary judgment. *See id.*

## III

■ Mason contends that the earlier judgment is void because Genisco did not properly serve its complaint. We agree.

■ A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process. *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir.1991) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22 (1940)). Hence, if Genisco failed to serve Mason properly in the earlier action, the default judgment is void and has no res judicata effect in this action. *See id.*

Federal Rule of Civil Procedure 4(c)(2)(C) provides for two methods of service of process by mail. First, subsection (i) provides that the plaintiff may serve the defendant

> pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State.

Fed.R.Civ.P. 4(c)(2)(C)(i). The California long-arm statute provides that "a summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed completed on the 10th day after such mailing." Cal. Civ.Proc.Code § 415.40.

■ Second, subsection (ii) provides that the plaintiff may serve the defendant

> by mailing a copy of the summons and of the complaint (by first-class mail, postage pre-paid) to the person to be served, together with two copies of a notice and

acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made ... in the manner prescribed by subdivision (d)(1)[1]....

Fed.R.Civ.P. 4(c)(2)(C)(ii). Under this provision, even if the defendant receives actual notice by mail, service is ineffective unless the defendant timely returns the acknowledgment form or the plaintiff attempts follow-up service by some other method. *Worrell v. B.F. Goodrich Co.,* 845 F.2d 840, 841 (9th Cir.1988), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989); *Media Duplication Servs. v. HDG Software, Inc.,* 928 F.2d 1228, 1234–35 (1st Cir.1991) (citing authority from other circuits).

In the present case, on December 22, 1988, Genisco mailed copies of the summons and complaint to Mason by first-class mail, postage prepaid, requesting a return receipt. Genisco included a notice and acknowledgment form, but Mason did not sign or return it. On January 18, 1989, however, Genisco received a return receipt signed by Mason's wife.

On December 22, 1988, Genisco also sent Syd Phillips, counsel for Mason, a letter enclosing a copy of the summons and complaint and stating that Mason was being served pursuant to Fed.R.Civ.P. 4(e) and Cal.Civ.Proc.Code § 415.40. In a letter dated January 4, 1989, to the American Arbitration Association, Phillips acknowledged receipt of Genisco's letter.

Mason contends that service was ineffective because he did not sign and return the acknowledgment form. Mason is clearly correct with respect to subsection (ii), which provides that service pursuant to federal law is ineffective unless the defendant timely returns the acknowledgment form. *Worrell,* 845 F.2d at 841–42; *Media*

*Duplication Services,* 928 F.2d at 1232–34. Under subsection (i), however, Genisco was permitted to serve Mason pursuant to California law, which provides that service is effective if a plaintiff sends the summons and complaint to the defendant by first-class mail, postage prepaid, requiring a return receipt.

■ This Circuit has not considered whether a failed attempt at service under subsection (ii) of Rule 4(c)(2)(C) is nonetheless valid under subsection (i) if it satisfies state law requirements. Other circuits have considered the question, and a majority have held that where the plaintiff attempts service under Rule 4(c)(2)(C)(ii) but the defendant does not return the acknowledgment form, effective service cannot be made by way of the same mailing pursuant to state law under Rule 4(c)(2)(C)(i). *See Media Duplication Services,* 928 F.2d at 1235; *Combs v. Nick Garin Trucking,* 825 F.2d 437, 443 (D.C.Cir.1987); *Armco, Inc. v. Penrod–Stauffer Bldg. Systems, Inc.,* 733 F.2d 1087, 1089 (4th Cir.1984).

We find the reasoning in these cases persuasive. First, the majority rule is consistent with the language of Rule 4(c)(2)(C) and the acknowledgment form. In *Combs,* faced with facts identical to those in the present case, the Court of Appeals for the District of Columbia Circuit reasoned:

The unmistakable meaning of [Rule 4(c)(2)(C)(ii) ] is that if a defendant does not return the notice of acknowledgment, the plaintiff must make a second attempt to secure service on that defendant if he is to be further pursued in the litigation.

This reading is bolstered by two factors. First, Rule 4 itself specifies the sanction that may be imposed upon the defendant for failure to return an acknowledgment—payment of "the costs of personal service"—without any suggestion whatsoever that the failure might also result in entry of default or default judgment. Second, only this

---

**1.** Fed.R.Civ.P. 4(d)(1) provides for service upon an individual "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house of usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

reading of subdivision (ii) is consistent with the text of the form that must be sent to defendants when federal mail service is undertaken. The form warns defendants that failure to return an acknowledgment may result in liability for the cost of alternative service, again without so much as a hint that such failure could expose the defendant to default or default judgment. Indeed, the form indicates plainly enough that the only course of conduct which might give rise to judgment by default is the failure to file an answer within twenty days *after returning the form.*

*Combs,* 825 F.2d at 443–44 (footnotes omitted; emphasis in original). The court also noted that the legislative history of Rule 4 indicates that Congress intended that a plaintiff who unsuccessfully attempted federal mail service would be required to make a subsequent attempt at service. *Id.* at 447.

Second, because the acknowledgment form does not state that failure to return the form may result in a default judgment, the majority rule avoids unfairly requiring the defendant to respond without notice of the need to do so. *See* Form 18–A, Notice and Acknowledgment for Service by Mail, Fed.R.Civ.P., Appendix of Forms; *Combs,* 825 F.2d at 444; *Media Duplication Services,* 928 F.2d at 1235; *Armco,* 733 F.2d at 1089. Third, the rule avoids "entangling the courts in ad hoc determinations about whether and to what degree actual notice of a lawsuit was provided." *Media Duplication Services,* 928 F.2d at 1235. Finally, the rule imposes no significant burden on the plaintiff. *Id.*

Genisco urges us to adopt the minority rule that service is effective despite failure to return the acknowledgment form if the defendant received actual notice of the action. *See Kitchens v. Bryan County Nat'l Bank,* 825 F.2d 248, 255–56 (10th Cir.1987); *Morse v. Elmira Country Club,* 752 F.2d 35, 40 (2d Cir.1984). However, we find in these cases no compelling rationale for adopting such a rule. In *Morse,* the Second Circuit found that "strong factors of justice and equity" weighed in favor of reading Rule 4(c) to provide for effective mail service where the defendant received actual notice. 752 F.2d at 40. Even assuming that the facts in *Morse* warranted such an outcome, *see Combs,* 825 F.2d at 445–47 (criticizing *Morse* ), we find no such factors in the present case. To the contrary, the language of the acknowledgment form gave the defendant no indication that he would be liable for a default judgment if he failed to return it. Furthermore, attempting follow-up service as required by subsection (ii) would not have been burdensome to Genisco. Instead of complying with the clear requirements of subsection (ii), Genisco attempted to create its own method of compliance with Rule 4(c)(2)(C) by stating that it was serving Mason pursuant to both federal and California law. To accept Genisco's argument would be to allow it to circumvent the plain language and legislative history of Rule 4(c). *See Combs,* 825 F.2d at 446–47. This we cannot do. We find, therefore, that Mason's failure to return the acknowledgment form rendered service ineffective under subsection (ii), requiring Genisco to attempt follow-up service by another method. In reaching this result, we join the majority of circuits in holding that a failed attempt at service under subsection (ii) of Rule 4(c)(2)(C) is not effective simply because it conforms to state law methodology as permitted by subsection (i).

## IV

■ Mason also contends that the earlier judgment is void because the district court lacked subject matter jurisdiction to grant declaratory relief to Genisco.

■ The federal courts have authority only to decide actual cases and controversies. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1553–54 (9th Cir.1990) (as amended). A justiciable case or controversy exists if a declaration would affect substantive legal rights of the parties. *Hillblom v. United States,* 896 F.2d 426, 430 (9th Cir.1990). Here, when Genisco filed the earlier action, Mason's employment had already been terminated. Mason claimed that the termination violated his employment contract, while Genisco

854

claimed that the termination was for cause and therefore did not violate the contract. Thus, Mason and Genisco had adverse legal interests in the earlier action, and the district court's judgment determined their substantive rights under the employment contract. Accordingly, the district court decided an actual case or controversy and therefore did not lack subject matter jurisdiction. *See Hillblom*, 896 F.2d at 430.

## V

Because Genisco attempted to serve Mason by mail pursuant to Rule 4(c)(2)(C)(ii), service was ineffective unless Mason returned the acknowledgment form or Genisco attempted follow-up service by another method. Genisco's failed attempt at service did not automatically become effective service under state law. Hence, we find that the district court in the earlier action lacked personal jurisdiction over Mason. The default judgment is void and lacks res judicata effect in the present action. The district court's grant of summary judgment is REVERSED.