976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty Dove WRIGHT, Plaintiff-Appellant,
v.
HOMESTAKE MINING COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 91-16901.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Betty Dove Wright appeals pro se the district court's orders (1) denying her motion for default judgment, (2) denying her motion for Fed.R.Civ.P. 11 sanctions; and (2) dismissing her action with prejudice for failure to comply with a court order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * We review the district court's denial of a motion for default judgment for an abuse of discretion. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991).[1]
 
 
 4
 Wright's briefs are somewhat confusing but she appears to contend that the district court erred by denying her motion for default judgment because she properly served the intended defendant, Homestake Mining Company ("Homestake"). This contention lacks merit.
 
 
 5
 The record reflects that Wright attempted to serve Homestake pursuant to Fed.R.Civ.P. 4(c)(2)(C), which provides for two methods of service by mail. Wright's service pursuant to Rule 4(c)(2)(C)(ii) was ineffective because Homestake did not return the acknowledgement form as required by that rule. See Mason v. Genisco Technology Corp., 960 F.2d 849, 852-53 (9th Cir.1992). Moreover, Wright cannot argue that service was nonetheless effective under Rule 4(c)(2)(C)(i). Wright was required to attempt service a second time. See id. (where plaintiff attempts service under Rule 4(c)(2)(C)(ii) but defendant does not return acknowledgement form, effective service cannot be made by way of same mailing pursuant to state law under Rule 4(c)(2)(C)(i)). The district court did not abuse its discretion by denying Wright's motion for default judgment.
 
 II
 
 6
 We review the district court's denial of a motion for Fed.R.Civ.P. 11 sanctions for an abuse of discretion. Giebelhaus v. Spindrift Yachts, 938 F.2d 962, 964 (9th Cir.1991).
 
 
 7
 We find nothing in the record to indicate that the imposition of Rule 11 sanctions was warranted. The district court did not abuse its discretion in denying this motion.
 
 III
 
 8
 We review the district court's dismissal of this action for an abuse of discretion. Thompson v. Housing Authority, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 9
 "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Id. at 831. When considering whether to dismiss an action for failure to obey its orders, the district court must consider " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) (quoting Thompson, 782 F.2d at 831), cert. denied, 488 U.S. 819 (1988). We will not reverse the district court's decision unless we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976). Because the district court did not explicitly set forth its consideration of these factors, we independently review the record. See Malone, 833 F.2d at 130.
 
 
 10
 In this case, the dispositive factor is the last one--whether the court considered less drastic alternatives to dismissal. This circuit's case law suggests that a warning that dismissal is imminent can suffice to meet the "consideration of alternatives" requirement. Id. at 132.
 
 
 11
 The district court stated in its September 23 order that Wright was to show cause why her action should not be dismissed. While the court did not warn that a failure to respond to the order would result in dismissal, Wright was put on notice that dismissal was imminent and was given an opportunity to be heard. We conclude that the district court thus satisfied the requirement to consider less drastic alternatives to dismissal. See id.
 
 
 12
 Upon weighing all of the relevant factors, we do not have a definite and firm conviction that the district court committed a clear error of judgment. See Anderson, 542 F.2d at 524. Accordingly, we hold the district court did not abuse its discretion in dismissing this action.
 
 IV
 
 13
 We exercise our discretion and deny Homestake's request for sanctions against Wright for filing a frivolous appeal. See 28 U.S.C. § 1912; Fed.R.Civ.P. 38; Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986). We also deny Wright's request for Fed.R.Civ.P. 11 sanctions against Homestake. Rule 11 is inapplicable in the context of an appeal. See Partington v. Gedan, 923 F.2d 686, 688 (9th Cir.1991) (en banc).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright's motions for default judgment and for Rule 11 sanctions were denied by the district court in its September 23, 1991 order to show cause, an order Wright failed to designate in her notice of appeal. Nevertheless, in her opening brief Wright raised issues relating to the denial of those motions. Homestake had notice of and has fully briefed those issues. Accordingly, Homestake will not suffer prejudice by our consideration of these issues. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421-23 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990)