985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dr. Emory M. GHANA, Plaintiff-Appellant,
v.
Michael J. QUINLAN, Director, Federal Bureau of Prisons;
R.L. Matthews, Director Western Region, Bureau of
Prisons, et al., Defendants-Appellees.
 No. 92-55485.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emory M. Ghana, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). We review the district court's dismissal for failure to prosecute for an abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 3
 The district court's dismissal should not be disturbed unless there is a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate and remand.[1]
 
 
 4
 "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case.' " Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). However, dismissal is a harsh penalty and should only be imposed in extreme circumstances. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990).
 
 
 5
 In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831. The district court need not make explicit findings in order to show that it has considered these factors, and this court may review the record independently to determine if the district court abused its discretion. Ferdik, 963 F.2d at 1261; Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 6
 Moreover, in deciding whether the district court abused its discretion, this court is cognizant of the Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants. Ferdik, 963 F.2d at 1261 (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)); see also Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik, 963 F.2d at 1261; see also McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).
 
 
 7
 Here, the magistrate judge entered a minute order dated December 13, 1991 dismissing Ghana's complaint for failure to comply with Fed.R.Civ.P. 6(a) & (e) and granting leave to amend within 30 days. The minute order explained that "the recitation of details that clearly do not involve unconstitutional conduct of any defendant should be eliminated. In addition, specific acts should be alleged by plaintiff to show the existence of a conspiracy rather than conclusory allegations." A report and recommendation dated January 27, 1992 suggests that the minute order dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). On March 9, 1992 the district court adopted the magistrate judge's final report and recommendation and dismissed the action based on Ghana's failure to file an amended complaint.
 
 
 8
 In his "Notice of Objections to the Magistrate's Recommendation, and Motion for the Appointment of Co-Counsel" dated February 1, 1992, Ghana appears to indicate that he never received a copy of the minute order requiring him to amend his complaint.[2] Moreover, the minute order confusingly refers to Fed.R.Civ.P. 6 rather than Fed.R.Civ.P. 8. Therefore, even if Ghana did receive notice that his complaint was deficient, the minute order's explanation of the deficiencies was not sufficient to put Ghana on notice of the proper grounds on which to amend it.
 
 
 9
 Therefore, we vacate and remand to the district court with instructions to provide Ghana with notice of the deficiencies in his complaint and an opportunity to amend it. See Ferdik, 963 F.2d at 1261.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellees' principal contention is that this court does not have jurisdiction because there is no final appealable order where the district court dismisses a complaint without prejudice. This contention is without merit. "Dismissal of an action without prejudice is appealable under 28 U.S.C. § 1291." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.), cert. denied, 470 U.S. 1007 (1985)
 
 
 [2]
 It appears that Ghana's "Notice of Objections to the Magistrate's Recommendations, and Motion for the Appointment of Co-Counsel" was never filed in the district court
 It does not appear on the district court docket sheet, nor is it found in the district court record. However, both the magistrate judge's "Final Report and Recommendations" dated February 26, 1992 and the appellant's opening brief make reference to Ghana's "timely filed objections." Furthermore, a copy of the objections was obtained from Magistrate Judge Elgin Edwards' chambers.