15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James CROWNOVER, by and with his parent, Joan CROWNOVER;
Joan Crownover, Plaintiffs-Appellants,
v.
Don PHILLIPS, as Superintendent; Mountain View-Los Altos
Union High School District, Defendants-Appellees.
 No. 93-15786.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James and Joan Crownover appeal the district court's dismissal of their action without prejudice pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's dismissal under Rule 4(j) for abuse of discretion. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). We affirm.
 
 
 3
 Under Rule 4(j), the district court is required to dismiss an action if the defendant is not served with a copy of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. Id. Rule 4(c)(2)(C)(ii) provides that a plaintiff may serve a defendant by mail by sending copies of the complaint and summons, together with two copies of a notice and acknowledgment form. Service fails unless the defendant timely returns the signed acknowledgment form. Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir.1988), cert. denied, 491 U.S. 907 (1989). If the defendant does not return the acknowledgment, the rule provides that other methods of service must be employed. Id. "[E]ven if the defendant receives actual notice by mail, service is ineffective unless the defendant timely returns the acknowledgment form or the plaintiff attempts follow-up service by some other means." Mason v. Genisco Tech. Corp., 960 F.2d 849, 852 (9th Cir.1992). The defense of insufficient service of process is waived unless it is raised in the defendant's first responsive pleading. Fed.R.Civ.P. 12(h)(1); Jackson v. Hayakana, 682 F.2d 1344, 1347 (9th Cir.1982).
 
 
 4
 Here, the Crownovers filed their complaint in the district court on July 9, 1992. The Crownovers elected to serve defendants by mail pursuant to Rule 4(c)(2)(C)(ii). The Crownovers, however, did not include the notice and acknowledgment forms. On July 29, 1992, defendants challenged the sufficiency of service of process in a pre-answer Rule 12(b)(5) motion. In the alternative, defendants moved for dismissal under Rule 12(b)(6) or summary judgment. The Crownovers did not attempt to cure the deficiency in service or serve defendants by other means within the required 120 days. The district court dismissed the Crownovers' action for insufficient service of process on March 18, 1993.
 
 
 5
 The Crownovers concede that they did not properly serve the defendants, but contend that defendants' pre-answer motions constituted a general appearance and waiver of objections to service. Defendants, however, raised insufficiency of service of process in their first responsive pleading. Thus, defendants did not waive the defense of insufficient service. See Fed.R.Civ.P. 12(h)(1); Jackson, 682 F.2d at 1347-48.
 
 
 6
 The Crownovers next contend that service was effective because defendants received actual notice of the complaint by mail. Under Rule 4(c)(2)(C)(ii), service is ineffective even if the defendant receives actual notice of the action. Mason, 960 F.2d at 852. Thus, defendants' actual knowledge did not cure the Crownovers' insufficient service under Rule 4(c)(2)(C)(ii). See id.
 
 
 7
 Finally, the Crownovers contend that they established good cause for their failure to timely serve defendants because they were ignorant of the rules. The good cause exception applies in limited circumstances, and inadvertent error or ignorance of the governing rule alone will not excuse the failure to serve. See Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992). Thus, the Crownovers' ignorance of the rule is insufficient to demonstrate good cause. See id. Accordingly, the district court did not abuse its discretion by dismissing the Crownovers' action for insufficient service of process. See Townsel, 820 F.2d at 320.
 
 
 8
 Defendants request sanctions against the Crownovers and/or their counsel. We have discretion to award damages and costs to the prevailing party where we determine that an appeal is frivolous. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Bell, 922 F.2d at 1425. In the exercise of our discretion, we decline to award sanctions against the Crownovers.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the parties' requests for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3