19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vic RICHARDS, aka Victoria Limback, Plaintiff-Appellant,
and
A.F. WAGNER; Y.G. Mullins, Third-Party-Plaintiffs-Appellants
v.
NORTH DESERT DISTRICT COURT OF SAN BERNARDINO COUNTY, STATE
OF CALIF., State Officials; San Bernardino County, Calif.
Sheriff Dept. and Its Barstow, Calif. Branch; George
Phillip Johnson; Donald Deloss Kenney, et al., Defendants-Appellees,
and
Elbert Wesley Muncy; First American Title Insurance
Company; California Supreme Court; et al.,
Third-Party-Defendants-Appellees.
 No. 93-55270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vic Richards[1] appeals pro se the dismissal with prejudice of her amended complaint against defendants Donald D. Kenny, George P. Johnson, and First American Insurance Co. for lack of jurisdiction, failure to state a claim and res judicata. We have jurisdiction under to 28 U.S.C. Sec. 1291, and we affirm.[2]
 
 
 3
 The existence of subject-matter jurisdiction is a question of law reviewed de novo. Reebok Int'l v. Marnatech Enters., 970 F.2d 552, 554 (9th Cir.1992). We also review de novo a district court's dismissal on res judicata grounds. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 
 
 4
 In her original complaint, Richards appeared to allege civil rights violations in connection with her state court proceedings challenging the conveyance and foreclosure of her real property. She named as defendants the San Bernadino County Superior Court and Sheriff's Department and the California Supreme Court and Attorney General's Office. The defendants filed various motions to dismiss, arguing that the district court (1) lacked subject-matter jurisdiction over the action, and that (2) Richard's complaint failed to state a claim because her action was barred by res judicata. In response to the motions, the district court advised Richards of the deficiencies of her complaint, and granted her leave to amend. In her 67-page amended complaint, Richard named many of the original defendants, and set forth a number of the same issues.[3] Defendants Johnson, Kenney and First American Insurance Co. joined in filing a motion to dismiss.
 
 
 5
 The district court found that Richard's amended complaint failed to cure the deficiencies of the original complaint. We agree. The amended complaint, although vague and largely incomprehensible, appears to be seeking a redetermination of her state court actions. Accordingly, the action is barred by res judicata. See Pension Trust Fund v. Triple A Mach. Shop, 942 F.2d 1457, 1460 (9th Cir.1991) (issues that were or could have been litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal civil rights suit as they enjoy in the courts of the state where the judgment was rendered). Moreover, to the extent that Richards alleges that the state court judgment is invalid because of constitutional violations in those proceedings, the district court properly dismissed the complaint for lack of subject matter jurisdiction. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (district courts lack jurisdiction over direct challenges to final decision of state courts, even if those challenges allege that the state court's action was unconstitutional).
 
 
 6
 Because Richards made no attempt to cure the defects of her original complaint, the district court properly dismissed the amended complaint with prejudice based on res judicata and jurisdictional grounds. See Allah, 871 F.2d at 890; Pension Trust Fund, 942 F.2d at 1457.[4]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Richard's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Richards attempted to join A.F. Wagner and Y.G. Mullins as third-party plaintiffs/appellants in this appeal. Neither Wagner nor Mullins, however, signed the notice of appeal, but rather attempted to grant Richards, who is not an attorney, authority to represent them through a power of attorney. Because a notice of appeal must be signed by the pro se appellant personally, see Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986), we lack jurisdiction to consider issues pertaining to either Wagner or Mullins. See also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) (a non-attorney may represent himself pro se, but the privilege is personal to him); McKinney v. United States, 507 F.2d 501, 503 (9th Cir.1974) (notice of appeal must be signed by the party or the party's attorney). Accordingly, we vacate our September 3, 1993 order allowing Wagner and Mullins to join as parties to this appeal
 
 
 [2]
 Although the district court dismissed Richard's action only as to three of the defendants named in the amended complaint, we have jurisdiction over this appeal because the district court entered final judgment as to the remaining defendants on September 30, 1993. See Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.), 935 F.2d 1071, 1075 (9th Cir.1991) (entry of final judgment cures premature appeal)
 
 
 [3]
 In her notice of appeal, Richards also indicated that she was appealing the district court's denial of her motion for a default against the defendants for failure to answer her amended complaint. The district court properly denied the default, however, because there is no indication in the record that the defendants were served in accordance with the federal rules. See Fed.R.Civ.P. 4(c)(2)(C)(ii); Mason v. Genisco Technology Corp., 960 F.2d 849, 852-53 (9th Cir.1992) (proper service requires the return of the acknowledgment form)
 
 
 [4]
 Richard's motion to strike the answering brief is denied. The motion of First American Title Insurance Co. to supplement the record is granted