19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emory M. GHANA, Dr., Plaintiff-Appellant,
v.
Barbara ROBERTS, Governor of Oregon; Fred B. Pierce,
Director of the Oregon Department of Correction;
M. Maass, Superintendent of Oregon State
Penitentiary, Defendants-Appellees.
 No. 92-56117.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 14, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Emory M. Ghana appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 action. The district court dismissed the action because Ghana failed to effect proper service of the summons and complaint within 120 days after filing as required by Fed.R.Civ.P. 4(j). We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Puett v. Blandford, 912 F.2d 270, 273 (9th Cir.1990), and affirm.
 
 
 3
 Under Rule 4(j), the district court is required to dismiss an action if the defendants are not served with a copy of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). At a minimum, "good cause" means "excusable neglect." Electrical Specialty Co. v. Road & Ranch Supply, Inc., 967 F.2d 309, 312 (9th Cir.1992). The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse the failure to serve. Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992).
 
 
 4
 Prior to dismissal, the district court provided Ghana an opportunity to show good cause for his failure to effect proper service. In reply, Ghana contended, as he does here, that he completed effective service upon the defendants. This contention lacks merit.
 
 
 5
 Ghana attempted service upon the defendants under Fed.R.Civ.P. 4(c)(2)(C)(ii), which provides that a plaintiff may serve a defendant by mail by sending copies of the complaint and summons, together with two copies of a notice and acknowledgment form. Service fails unless the defendant timely returns the signed acknowledgment form. Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir.1988), cert. denied, 491 U.S. 907 (1989). If the defendant does not return the acknowledgment, the rule provides that other methods of service must be employed. Id.
 
 
 6
 The record here indicates that Ghana's attempted service upon the defendants was ineffective because they did not return the notice and acknowledgment forms. Ghana did not attempt service by any other means. Ghana's reliance on certified mail receipts which indicate that the summonses were received by agents for the defendants is misplaced. "[E]ven if the defendant receives actual notice by mail, service is ineffective unless the defendant timely returns the acknowledgment form or the plaintiff attempts follow-up service by some other method." Mason v. Genisco Tech. Corp., 960 F.2d 849, 852 (9th Cir.1992). Thus, any actual knowledge of Ghana's action by the defendants did not cure Ghana's insufficient service under Rule 4(c)(2)(C)(ii). See id.
 
 
 7
 Ghana's ignorance of his error in failing to complete proper service is insufficient to demonstrate good cause. See Hamilton, 981 F.2d at 1065; Townsel, 820 F.2d at 320. Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se. Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987). Accordingly, the district court did not abuse its discretion in dismissing the action without prejudice.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3