45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Doctor Emory M. GHANA, Plaintiff-Appellant,
v.
Fred CROCKETT, M.D., and Donald Watson, Defendants-Appellees.
 No. 94-1684.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 21, 1994.*
Decided Dec. 27, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant, Emory M. Ghana,[1] an inmate at the United States Penitentiary at Atlanta, Georgia, brought this Bivens action against officials of the federal prison at Terre Haute, Indiana, alleging that the defendants violated his constitutional rights while he was incarcerated there. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Ghana argues that he was denied adequate medical treatment by the defendants. Specifically, the complaint alleged that the defendants were deliberately indifferent to the various injuries Ghana allegedly incurred while at Terre Haute, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The district court granted summary judgment for defendants and denied Ghana's Rule 59 motion to alter or amend the judgement. Fed.R.Civ.P. 59. Ghana appeals both the grant of summary judgment and the denial of his motion to amend the judgment. We Affirm.
 
 I.
 
 2
 We review a district court's decision to grant summary judgment de novo. Hickey v. A.E. Staley Mfg., 995 F.2d 1385, 1388 (7th Cir.1993). In deciding whether summary judgment is appropriate, we view all evidence, and any reasonable inferences that may be drawn from the evidence, in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Cuddington v. Northern Indiana Public Serv. Co., 33 F.3d 813 (7th Cir.1994). This Court will affirm if the record reveals that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Put simply, this Court must review, de novo, whether the medical care furnished Ghana was so inadequate as to violate the Eighth Amendment's prohibition against cruel and unusual punishment.
 
 
 3
 To prevail on his Eighth Amendment claim, Ghana must show that prison officials were deliberately indifferent to his health. Negligence is not actionable under the Eighth Amendment. Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). Likewise, ordinary medical malpractice (malpractice that consists of negligent treatment) does not amount to cruel and unusual punishment. Sellers v. Henman, No. 93-1485, slip op. at 3, (7th Cir. Nov. 18, 1994). "Deliberate indifference" by prison personnel to an inmate's illness or injury constitute's cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97 (1976). A prison official may be found liable for deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). With this standard in mind, we now examine Ghana's claim.
 
 
 4
 Ghana was incarcerated at the United States Penitentiary at Terre Haute from May 26, 1992 through May 28, 1993. While there, Ghana was examined at least fifteen times by prison physicians or medical personnel. His complaints ranged from dry skin to twisted wrists and swollen ankles. Medicine was prescribed, x-rays recommended, and surgery was indicated for each of Ghana's ailments. Ghana's treatment was prompt and, when required, specialized. Each medical complaint was attended to, to the extent that Ghana would cooperate.[2] There is simply no evidence that defendants Crockett or Watson knowingly disregarded an excessive risk to Ghana's health or safety. Indeed, the only evidence of deliberate indifference to Ghana's health may have come from Ghana himself. The record reflects that Ghana sometimes waited days before bringing injuries to the attention of the medical staff. The record shows beyond dispute that Ghana was seen and treated regularly for a multiplicity of complaints. The medical care Ghana received did not violate the Eighth Amendment prohibition against cruel and unusual punishment.
 
 II.
 
 5
 Ghana also appeals the denial of his Rule 59 motion to alter or amend the judgment.[3] Ghana's motion asserted that he did not receive adequate notice of the motion for summary judgment. The district court gave Ghana thirty days to submit evidence as to where and when Ghana first saw the motion for summary judgment. Ghana responded by explaining the intricacies of prison mail distribution, but failed to state whether he ever received the motion for summary judgment. A second order instructed Ghana:
 
 
 6
 What the Court wants to know is not the intricacies of mail marking or delivery procedures; it is simply this--when and where was the first time the plaintiff saw the defendants' motion for summary judgment?
 
 
 7
 The court also offered Ghana one last chance to come forth with evidence that would demonstrate a genuine issue of material fact. Ghana failed to respond to the second order. The district court found that Ghana's response amounted to "equivocation" and "double talk." The district court denied Ghana's post judgment motion.
 
 
 8
 We review the denial of a Rule 59 motion only for abuse of discretion. Billups v. Methodist Hospital, 922 F.2d 1300, 1305 (7th Cir.1991). We agree with the district court that Ghana's response was, at best, non-responsive. When Ghana was specifically instructed to inform the district court as to where and when he first saw the motion for summary judgment, he failed to do so. We, therefore, find that the district court did not abuse its discretion when it denied Ghana's Rule 59 motion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Ghana is a New Jersey state inmate. He is a federal "boarder" pursuant to 18 U.S.C. Sec. 5003(a) and a contractual agreement between New Jersey and the Federal Bureau of Prisons. Ghana is currently serving a life sentence for first degree murder, assault and battery on a police officer, armed robbery and unlawful use of a dangerous weapon
 
 
 [2]
 The record shows that Ghana refused x-ray examination without being provided data concerning the date the machine was last inspected and the radiation levels to be used. On another occasion, surgery was indicated for lumps found on Ghana's feet. Ghana refused surgery
 
 
 [3]
 Ghana submitted a Rule 60(b) motion nine days after the district court entered judgment in favor of the defendants. A motion challenging the merits of a district court judgment, when served within ten days of the entry of the judgment, is treated as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, "no matter what nomenclature the movant employs." Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin, 957 F.2d 515, 517 (7th Cir.1972), cert. denied, 113 S.Ct. 91 (1992)