UNITED STATES COURT OF APPEALS
**Filed 10/4/96**
TENTH CIRCUIT

EMORY M. GHANA,

    Plaintiff-Appellant,

      v.

WILLIAM R. STORY, Warden;
DONALD A. McKELVY, Associate
Warden of Programs; LOUISE WYNN,
Unit Manager; WILLIE SCOTT;
WALDO MARTINEZ,

    Defendants-Appellees.

No. 96-3060
(D.C. No. 93-3343-RDR)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Emory N. Ghana, a pro se federal inmate, appeals the district court's order granting summary judgment in favor of defendants. We dismiss the appeal as frivolous.

Ghana filed his complaint in August 1993, alleging defendants William R. Story,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Donald A. McKelvy, and Louise Wynn had violated his constitutional rights by refusing to provide him with free postage stamps on one occasion. He filed an amended complaint in November 1993, adding Willie Scott and Waldo Martinez as defendants and asserting several additional claims of alleged constitutional violations. Defendants moved to dismiss or, in the alternative, for summary judgment on June 13, 1994. On that same date, defendants' counsel mailed a copy of the motion to Ghana by regular mail, postage prepaid. The copy of the motion was not returned to defendants' counsel by the postal service.

After receiving no response from Ghana, on September 1, 1994, defendants filed a motion to have their dispositive motion decided as an uncontested motion pursuant to Dist. Kan. R. 206(g). A copy of the motion was sent to Ghana that same day by regular mail, postage prepaid, and it was not returned by the postal service. On June 14, 1995, the district court stated it had received correspondence from Ghana alleging he had not received a copy of defendants' dispositive motion. The court denied defendants' 206(g) motion, directed the clerk to mail a copy of the dispositive motion to Ghana, and ordered Ghana to file a response to the dispositive motion within twenty days of the date of service.

The clerk complied with the court's direction but, on July 13, 1995, the copy of the motion was returned as undelivered. On July 14, 1995, the clerk remailed the motion to Ghana at a new address provided by the Bureau of Prisons. On September 25, 1995, Ghana sent a letter to the clerk's office confirming he had been transferred and requesting information on the status of his case and that all correspondence be forwarded to his new address. The district court granted defendants' dispositive motion on January 24, 1996.

The court deemed the statement of facts set forth in the motion admitted because of Ghana's failure to respond.

On appeal, Ghana alleges he was not "served" with a copy of the dispositive motion and did not have the opportunity to respond. He asks that we reverse the district court and remand so that he can file a response to the motion. Defendants initially deferred their filing of a brief in this appeal. A responsive brief was ordered by this court and was filed on August 8, 1996.

After careful review, we conclude the district court did not err in granting summary judgment in favor of defendants. Although Ghana alleged he did not receive a copy of defendants' dispositive motion, the record on appeal suggests otherwise. It is uncontroverted that copies of the motion were mailed to him on two separate occasions and they were not returned by the postal service. Ghana has come forward with no information, other than his own conclusory allegations, to indicate the copies of the motion did not reach him. We find it curious that Ghana received all other pleadings and correspondence from defendants and the clerk.

Even assuming Ghana did not receive the copies of the motion, we conclude that, as plaintiff in this action, he must nevertheless bear the responsibility for failing to file a response to the motion. Based on his correspondence to the district court, it is uncontroverted that he was aware defendants had filed a dispositive motion. Further, based on the court's June 14, 1995, order, it is uncontroverted that Ghana knew he would be receiving a copy of the motion from the clerk's office and was responsible for filing a response. Notwithstanding awareness of these facts, Ghana did not contact the clerk's office or the court to inform them he had not received a copy of the motion. Instead, he

sat idly by until such time as the court issued its order granting the motion. In light of his failure to act, we find no error on the part of the district court in deciding to dispose of the motion.

In rejecting Ghana's allegations, who is also known as Emory Muhammad Ghana and as Al Wali D. Muhammad, we are mindful that he is no stranger to the federal courts and has previously attempted to use similar arguments to evade his responsibilities as a plaintiff. See Ghana v. Crockett, 45 F.3d 432, 1994 WL 718536 (7th Cir. 1994) (table) (Ghana claimed he did not receive adequate notice of defendants' motion for summary judgment; alleged inadequate medical treatment); Ghana v. Quinlan, 985 F.2d 572, 1993 WL 20482 (9th Cir. 1993) (table) (Ghana claimed he did not receive copy of district court's minute order requiring him to amend complaint; action brought for failure to prosecute). Other cases include Ghana v. Roberts, 19 F.3d 1440, 1994 WL 85317 (9th Cir. 1994) (table) (appealed dismissal of action for failure to effect proper service); Ghana v. Fauver, 919 F.2d 730 (3d Cir. 1990) (table); Muhammad v. Beyer, 898 F.2d 141 (3d Cir. 1990) (table); In re Ghana, 887 F.2d 261 (3d Cir. 1989) (table); Ghana v. Fauver, 877 F.2d 54 (3d Cir. 1989) (table); Muhammad v. Fauver, 877 F.2d 56 (3d Cir. 1990) (table); Ghana v. Fauver, 841 F.2d 1118 (3d Cir. 1988) (table); Ghana v. Omari, 841 F.2d 1118 (3d Cir. 1988 (table); Ghana v. United States, 1996 WL 134821 (D. Kan. 1996) (table) (summary judgment entered for defendants; general prison correspondence policy violated constitutional rights); Muhammad v. Fauver, 1989 WL 71811 (D. N.J. 1989) (table) (summary judgment entered for defendants; alleged improper and inadequate prison sanitation, clothing, medical care, food service, library materials, education and counseling, racially discriminatory classification system, and insufficient allowance for

visitors; in footnote, district court stated case was a consolidation of 39 civil actions and that 20 additional cases had been filed in federal district court since the hearing in present case).

Both the former subsection (d) and the newly-enacted subsection (e)(2)(B)(i) of 28 U.S.C. § 1915 permit us to dismiss a frivolous appeal. An appeal is frivolous if it relies "on an indisputably meritless legal theory" or contains "clearly baseless" factual allegations. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). We have reviewed the appellate briefs and the entire record on appeal and conclude Ghana's appeal is frivolous.

APPEAL DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge