**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN E. JAMES, III, | No. 09-17709 |
| Plaintiff - Appellant, | D.C. No. 1:04-cv-05878-LJO-DLB |
| v. | |
| A. K. SCRIBNER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

John E. James, III, a California state prisoner, appeals pro se from the

judgment entered following a jury trial in his 42 U.S.C. § 1983 action alleging

prison officials used excessive force.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We cannot review James's claims of error at trial, because James failed to provide a trial transcript. *See* Fed. R. App. P. 10(b); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam) (dismissing appeal for appellant's failure to provide a transcript).

The district court did not abuse its discretion in denying James's motions for appointment of counsel because he failed to show exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

James points to no support for his contentions that the district court coerced him to withdraw his motion to supplement the complaint and to dismiss his claims as to six defendants. Moreover, the district court's denial of James's motion to file a second amended complaint does not show bias. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam) (adverse rulings, standing alone, are insufficient to establish judicial bias or prejudice).

The district court did not abuse its discretion in refusing to enjoin the conduct of individuals not named in the complaint, *see Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party . . . ."), and we deny James's request for entry of default judgment against a defendant who was never served, *see Mason v. Genisco Tech.*

*Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process.").

James's remaining contentions are unpersuasive.

**AFFIRMED.**