820 F.2d 319
 10 Fed.R.Serv.3d 772
 Donald E. TOWNSEL, Plaintiff-Appellant,
v.
COUNTY OF CONTRA COSTA, CALIFORNIA; William A. O'Malley,
District Attorney of Contra Costa, California; Richard K.
Rainey, Sheriff of Contra Costa, California; Judith T.
Brown, individually and as Deputy District Attorney of
Contra Costa Carol Michener, John Patty, Defendants-Appellees.
 No. 85-1777.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Jan. 12, 1987*.
Decided June 22, 1987.
 
 E.A. Dawley, Oakland, Cal., for plaintiff-appellant.
 Kevin T. Kerr and Vickie L. Dawes, Deputy County Counsel, Martinez, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before WALLACE, SKOPIL and CANBY, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Donald E. Townsel filed his complaint in this civil rights action on June 5, 1984. In his complaint, Townsel alleged that the defendants violated his rights to due process and to freedom from unreasonable search and seizure by taking blood and saliva samples from him pursuant to an allegedly unconstitutional search warrant. Townsel made no attempt to serve his summons and complaint upon any of the defendants within the 120 day limit prescribed by Fed.R.Civ.P. 4(j).
 
 
 2
 On November 14, 1984, after the 120 day period had run, Townsel filed a motion to enlarge time for service under Fed.R.Civ.P. 6(b)(2). The district court denied Townsel's motion and dismissed his complaint, ruling that Townsel had not shown that his failure to serve the defendants within 120 days after filing his complaint was the result of excusable neglect. The court also ruled in the alternative that (1) the State of California was immune from suit under the doctrine of sovereign immunity; (2) the defendant prosecuting attorneys were immune from damages liability; (3) Townsel failed to state a claim against defendant County of Contra Costa; and (4) Townsel was collaterally estopped from proceeding against the defendants.
 
 
 3
 We affirm the district court's dismissal of Townsel's complaint for failure to serve his summons and complaint within the 120 day period prescribed by Rule 4(j). We therefore do not reach the alternative grounds for the district court's ruling.
 
 DISCUSSION:
 
 4
 Fed.R.Civ.P. 4(j) provides that an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made within the 120 day period. "The good cause standard applies after 120 days has expired regardless whether the service issue is raised by a defendant on a motion to dismiss under Rule 4(j), is raised by the judge on his own initiative pursuant to that rule, or is raised by the plaintiff on a motion under Rule 6(b)(2)." United States ex rel. DeLoss v. Kenner General Contractors, Inc., 764 F.2d 707, 711 (9th Cir.1985). We review a district court's dismissal of a complaint under Fed.R.Civ.P. 4(j) for abuse of discretion. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir.1985) (per curiam).
 
 
 5
 In the present case, Townsel contends that he failed to serve the defendants in a timely fashion because his counsel was unaware of the existence of Rule 4(j) until after the 120 day period had run. We do not agree that Townsel's attorney's ignorance of Rule 4(j) constitutes good cause for untimely service. In Wei v. State of Hawaii, we affirmed the district court's ruling that the inadvertent failure of plaintiff's counsel to note the 120 day limit on his calendar did not constitute good cause for plaintiff's untimely service. We noted that Rule 4(j) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and we concluded that "[i]f we were to hold that Wei's attorney's inadvertent failure to calendar the Rule 4(j) deadline constitutes 'good cause,' the good cause exception would swallow the rule." 763 F.2d at 372. We reach the same conclusion in the present case. To hold that complete ignorance of Rule 4(j) constitutes good cause for untimely service would allow the good cause exception to swallow the rule.
 
 
 6
 Townsel also argues that the district court abused its discretion in dismissing the action because the statute of limitations had run and the dismissal for untimely service was therefore effectively with prejudice.[1] We considered and rejected this argument in Wei, and we reach the same conclusion here. In enacting Rule 4(j) Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits. 763 F.2d at 372. "By providing that district courts 'shall' dismiss a complaint served over 120 days after its filing unless ... good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case." Id. See also DeLoss, 764 F.2d at 710.
 
 
 7
 We conclude that the district court did not abuse its discretion in denying Townsel's motion for enlargement of time and in granting the defendants' motion to dismiss.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(a) and Fed.R.App.P. 34(a)
 
 
 [1]
 The trial court dismissed with prejudice on several other grounds. We need not reach those issues because dismissal under Rule 4(j) and the running of the statute of limitations is sufficient to dispose of the litigation