972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Lee PREE, Plaintiff-Appellant,
v.
STATE of Nevada, Defendant-Appellee.
 No. 91-16318.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Lee Pree appeals pro se the district court's sua sponte dismissal of his action for failure to serve the defendant in compliance with Fed.R.Civ.P. 4(d)(6) and 4(j). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal of an action pursuant to Rule 4(j) for abuse of discretion, Townsel v. County of Contra Costa, Cal., 820 F.2d 319, 320 (9th Cir.1987), and affirm.
 
 
 3
 Rule 4(d)(6) requires that service of process upon a state or governmental organization be effectuated "by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed.R.Civ.P. 4(d)(6). Rule 4(j) provides that if a plaintiff fails to serve a defendant within 120 days after he files his complaint and cannot show good cause for such failure, the district court shall dismiss the action as to that defendant without prejudice. Fed.R.Civ.P. 4(j).
 
 
 4
 Here, Pree's complaint named as defendant the State of Nevada, Department of Industrial Relations, Division of Industrial Regulation (the "Department"), which is a state agency. Accordingly, proper service can be accomplished only as outlined in Rule 4(d)(6). See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982). Moreover, actual notice is insufficient. Id. Thus, to serve the Department properly, Pree was required either to deliver a copy of the summons and a copy of the complaint to the "chief executive officer" of the Department or, under the Nevada statute, to serve the summons and a copy of the complaint upon the secretary of state of Nevada. See Fed.R.Civ.P. 4(d)(6); Nev.Rev.Stat. § 41.031(2).
 
 
 5
 Here, Pree's complaint was filed February 25, 1991. Apparently, Pree attempted to serve the Department via certified mail, addressed to the "State Industrial" and sent to its office in Carson City. This service was deficient. See Fed.R.Civ.P. 4(d)(6); Nev.Rev.Stat. § 41.031(2). On June 26, 1991, the district court issued Pree a notice of intention to dismiss his action pursuant to Rule 4(j) unless Pree filed proof of service by July 26, 1991 or demonstrated good cause why he did not make proper service within 120 days of the filing of his complaint. Pree failed to show any good cause for failing to effect proper service within the 120-day period. Therefore, the district court properly dismissed Pree's action without prejudice. See Townsel, 820 F.2d at 320.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3