988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick N. JACKSON, Plaintiff-Appellant,
v.
DOMINO'S PIZZA CORPORATION, et al., Defendants-Appellees.
 No. 91-16805.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Northern District of California, Nos. CV-90-02965-MHP, CV-90-92966-MHP; Marilyn H. Patel, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick N. Jackson appeals the district court's order dismissing his Title VII employment discrimination actions for failure to serve process within 120 days after his complaints were filed as required by Fed.R.Civ.P. 4(j). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Electrical Specialty Co. v. Road & Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir.1992), and affirm.
 
 
 3
 Under Rule 4(j), the district court shall dismiss an action if the plaintiff, without good cause, fails to serve properly the defendant with a copy of the summons and complaint within 120 days after filing the complaint. Fed.R.Civ.P. 4(j); Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). At a minimum, "good cause" means "excusable neglect." Electrical Specialty Co., 967 F.2d at 312.
 
 
 4
 Jackson contends he had good cause for failing to comply with Rule 4(j) because the district court failed to rule on his motion to proceed in forma pauperis ("IFP") and motion for appointment of counsel until after the 120-day period expired. He argues he had "a statutory right to await a decision by the District Court ... as to whether he would be allowed to have the United States Marshall's [sic] Office effect service on appellees by proceeding in forma pauperis." According to Jackson, the court's delay in ruling on his motions denied him this right and the court should have sua sponte granted him additional time to serve process.
 
 
 5
 We do not accept these contentions. As the district court stated in its order of dismissal, Jackson could have filed a motion to extend the service period at which time he could have apprised the court of his situation, including the fact that summons had not yet issued. See Fed.R.Civ.P. 6(b). Jackson did not, however, and although the district court could have granted an extension sua sponte, such action was within that court's discretion.
 
 
 6
 We agree with the district court that Jackson failed to show good cause for failing to serve process within 120 days as required by Rule 4(j). Therefore, the district court did not abuse its discretion by dismissing Jackson's complaint. See Electrical Specialty Co., 967 F.2d at 311.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3