996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matt JOHNSON, Plaintiff-Appellant,
v.
BALLY'S HOTEL, Defendant-Appellee.
 No. 91-165056.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matt Johnson appeals pro se the district court's dismissal of his action under 42 U.S.C. § 1983. Johnson failed to serve the summons and complaint within 120 days after filing as required by Fed.R.Civ.P. 4(j). The district court dismissed the action without prejudice after giving Johnson an opportunity to show good cause for his failure to serve. We affirm.
 
 
 3
 We review the district court's dismissal under Rule 4(j) for abuse of discretion. Puett v. Blandford, 912 F.2d 270, 273 (9th Cir.1990). Dismissal without prejudice is mandatory unless the plaintiff has demonstrated "good cause," or excusable neglect, for his failure to serve. Fed.R.Civ.P. 4(j); Boudette v. Barnette, 923 F.2d 754, 755-56 (9th Cir.1991). The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse the failure to serve. Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992).
 
 
 4
 Johnson concedes he did not serve the complaint within the required 120 days, but contends the district court should have found that he demonstrated good cause for his failure to do so.[1] Johnson's contentions below were that: (1) Rule 4(j) refers to 120 working days, not calendar days; and, (2) he was ignorant of the rule.
 
 
 5
 Johnson's first contention is erroneous. Time limits of 11 days or more prescribed by the Federal Rules of Civil Procedure are counted in calendar days. See Fed.R.Civ.P. 6(a); Tushner v. United States Dist. Court, 829 F.2d 853, 854 (9th Cir.1987).
 
 
 6
 Johnson's second contention, his ignorance of the rule, is insufficient to demonstrate good cause. See Hamilton, 981 F.2d at 1065; Townsel v. County of Contra Costa, Cal., 820 F.2d 319, 320 (9th Cir.1987). Accordingly, the district court did not abuse its discretion in dismissing the action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's motion for oral argument is denied. To the extent Johnson has requested appointment of counsel on appeal, that motion is denied as well
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson also contends the district court should have notified him within 30 days that his complaint had been accepted for filing. We need not address the issue because it was not raised below. See New Hampshire Ins. Co. v. Vieira, 930 F.2d 696, 702 (9th Cir.1991). Nevertheless, we are aware of no rule that so obligated the district court