28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward GLASER, Plaintiff-Appellant,
v.
CITY OF BELL GARDENS; Bell Gardens Police Department; Los
Angeles County; Sharon McCall; Valerie Earley,
Defendants-Appellees.
 No. 93-55473.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Glaser appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 alleging civil rights violations against various defendants. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 As an initial matter, we reject the defendants' argument challenging our jurisdiction over this appeal. Our review of the status conference proceedings and the district court's order clearly indicates that the court intended to dismiss the entire action without extending the time for service of process. Therefore, we consider the order final and appealable. See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir.1992); Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72 n. 1 (9th Cir.1984).
 
 
 4
 We may affirm the district court on any ground supported by the record. Iolab Corp. v. SeaBoard Sur. Co., 15 F.3d 1500, 1504 (9th Cir.1994). We construe the district court's order as a dismissal under Fed.R.Civ.P. 12(b)(5) for failing to comply with the service of process requirements of Fed.R.Civ.P. 4(e), (j), and we review for abuse of discretion. Townsel v. Contra Costa County, Cal., 820 F.2d 319, 320 (9th Cir.1987).
 
 
 5
 Fed.R.Civ.P. 4(m) required Glaser to serve a copy of the summons and the complaint on the defendants within 120 days after he filed the complaint.[1] "Although there is a 'good cause' exception to ... [Rule 4(m) ], it applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992) (discussing former subdivision 4(j)); accord Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985) (per curiam) (same).
 
 
 6
 It is readily apparent from the record that Glaser cannot establish "good cause." At the status conference hearing, the defendants requested that entry of default judgments entered by Glaser against them be set aside because they had not been properly served with the summons and the complaint. The district court's file was also devoid of any proof of service.
 
 
 7
 In opposition, Glaser claimed that the defendants had been properly served by his "process server," Henry Ramey, a lay person. Ramey stated that he filed the originals at various times with the court and could prove it by retrieving copies from his home. Glaser also argued that, although the district court's file contained no proofs of service, the official court file did contain the documents.
 
 
 8
 On appeal, Glaser argues that "the Judge's file was deliberately tampered with by Judge Hauk, Manos his Court Clerk, or anybody working for Judge Hauk, or the entire Status Conference was scripted between Judge Hauk" and defense counsel. He further argues that the district court failed to give him notice before dismissing the action.
 
 
 9
 Even if the district court did not give Glaser the type of notice required under Rule 4(m), he was afforded ample opportunity to show good cause for failing to serve the defendants within the 120-day limit. See Wei, 763 F.2d at 371. We reject as baseless Glaser's conspiracy theory. Glaser's inability to serve properly the defendants at best amounts to ignorance of governing rules or inadvertent error. Neither reason excuses Glaser's failure to serve the defendants. See Hamilton, 981 F.2d at 1065; see also, Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.").
 
 
 10
 Accordingly, the district court did not abuse its discretion by dismissing the action for failure to serve the defendants.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Glaser's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 4(m) provides that:
 If service of the summons and complaint is not made upon a defendant with 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
 Fed.R.Civ.P. 4(m).
 
 
 [2]
 In light of our holding, we need not address either party's remaining arguments. We also deny Glaser's "Request for Judicial Notice."