39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward GLASER, Plaintiff-Appellant,
v.
CITY OF BELL GARDENS; Bell Gardens Police Department; Los
Angeles County; Sharon McCall; Valerie Earley,
Defendants-Appellees.
 No. 93-55473.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided Oct. 31, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Glaser appeals pro se the district court's dismissal without prejudice of his lawsuit alleging civil rights violations against the City of Bell Gardens, the County of Los Angeles, various City and County officials, and others. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 As an initial matter, we reject the defendants' argument challenging our jurisdiction over this appeal. The district court's order clearly indicates that the court intended to dismiss Glaser's entire action without extending the time for service of process. Therefore, we consider the order final and appealable. See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir.1992); Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72 n. 1 (9th Cir.1984).
 
 
 4
 We construe the district court's order as a dismissal under Fed.R.Civ.P. 12(b)(5) for failure to comply with the service of process requirements of Fed.R.Civ.P. 4(e), (j), and we review for abuse of discretion. Townsel v. Contra Costa County, Cal., 820 F.2d 319, 320 (9th Cir.1987).
 
 
 5
 Here, at a mandatory status conference hearing, Glen Tucker, counsel for the City, asked the district court to set aside default judgments Glaser had entered against other defendants because Tucker did not "have in [his] possession any material indicating that these [defendants] were properly served." Glaser assured the district court that his "process server," Henry Ramey, had served all the defendants and that the official court file contained proofs of service. The district court, having earlier dismissed Glaser's pendent state law claims, dismissed his entire lawsuit.
 
 
 6
 The record does not substantiate Tucker's guess that Glaser failed to serve other defendants. Even if it did, we would not find this a valid ground to dismiss Glaser's claims against the defendants whom he appears to have properly served.
 
 
 7
 Accordingly, we conclude the district court abused its discretion by dismissing this lawsuit. We vacate both the erroneous dismissal of Glaser's federal claims and the unexplained dismissal of his pendent state claims, and we remand this case to the Chief Judge of the Central District for reassignment.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Glaser's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3