46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott A. HIGGINS, Plaintiff-Appellant,
v.
Lloyd F. HAMES, Commissioner; et al., Defendants-Appellees.
 No. 94-35284.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott A. Higgins, an Alaska state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim upon which relief may be granted against various state prison officials, and failure to perfect service against the remaining defendant prison employees. Higgins contends that (1) the dismissal of his action against Lloyd Hames, the Commissioner of the Department of Corrections; Richard Franklin, the Director of the Department of Corrections; and Richard Bentson, Medical Director ("prison officials") was improper because defendants were liable as supervisors and (2) dismissal of the remaining defendants for lack of service was improper because all defendants had notice of this action. We have jurisdiction under 28 U.S.C. Sec. 1291. Our review is de novo, McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992), and we affirm.
 
 
 3
 * Higgins first contends the district court erred by dismissing his action against the prison officials because the officials were liable as supervisors and policy makers for the actions of their subordinates. This contention lacks merit.
 
 
 4
 To establish liability under section 1983, the plaintiff must show that defendants, acting under color of state law, deprived him of a right secured by the Constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623. Conclusory allegations, unsupported by facts, will be rejected as insufficient to support a claim under section 1983. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.1984). The plaintiff must allege with at least some degree of particularity overt acts by defendants which support the plaintiff's claim. Id.
 
 
 5
 Liability under section 1983 cannot be predicated on the theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.
 
 
 6
 Here, Higgins alleged that the prison officials were responsible in their individual and official capacities for improper training and supervision and creation of unconstitutional policies. Higgins did not assert, however, that any of the prison officials personally participated in or directed the conduct stated in Higgins's complaint. See id. Higgins's allegations also do not demonstrate any culpable state of mind by these defendants or that the defendants' failure to prevent any actions from occurring to Higgins was intentional. Id. In order for a prisoner's pain and suffering to violate the Eighth Amendment, the prisoner must establish that some prison official intended the harm. Wilson v. Seiter, 501 U.S. 294, 300 (1991).
 
 
 7
 Higgins also contends that the district court erred because he was given insufficient opportunity to further amend his complaint against these defendants. This contention lacks merit. Dismissal is proper where the complaint is inadequate and the plaintiff cannot possibly win relief. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir.1988).
 
 
 8
 Our review of the pleadings indicates that the allegations of Higgins's second amended complaint remain conclusory and unsupported by any facts regarding how he was allegedly harmed by any action by these prison officials. See Jones, 733 F.2d at 649. The factual surroundings which Higgins provides in the pleadings "do not serve to fill in the gaps" that exist in his section 1983 claim against the prison officials. Id. at 650. Further opportunities for amendment are not required when the plaintiff continues to proffer only conclusory allegations. See id. at 650-51.
 
 
 9
 Accordingly, the district court did not err by dismissing Higgins's action against the prison officials. See id.
 
 II
 
 10
 Higgins contends that the district court erred by dismissing his action for failure to effect proper service upon the remaining defendants. This contention lacks merit.
 
 
 11
 Under Rule 4(j), the district court is required to dismiss an action if the defendants are not served with a copy of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). At a minimum, "good cause" means "excusable neglect." Electrical Specialty Co. v. Road & Ranch Supply, Inc., 967 F.2d 309, 312 (9th Cir.1992). The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse the failure to serve. Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992).
 
 
 12
 Here, Higgins's initial complaint was served only upon an agent for the prison officials. Higgins later amended his complaint to name additional defendants, but no complaint was ever served upon these defendants. Noting this deficiency, prior to dismissal the district court allowed Higgins two opportunities to prepare the papers for the United States Marshal which would allow a second attempt at service on the remaining defendants. Rather than complying with the district court's order to resubmit service forms, Higgins contended, as he does here, that he completed effective service upon the defendants. This contention lacks merit.
 
 
 13
 At the district court's order, the United States Marshal attempted service on Higgins's behalf. Higgins attempted service upon the defendants under Fed.R.Civ.P. 4(c)(2)(C)(ii), which provides that a plaintiff may serve a defendant by mail by sending copies of the complaint and summons, together with two copies of a notice and acknowledgment form. Service fails unless the defendant timely returns the signed acknowledgment form. Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir.1988), cert. denied, 491 U.S. 907 (1989). If the defendant does not return the acknowledgment, the rule provides that other methods of service must be employed. Id.
 
 
 14
 The record here indicates that Higgins's attempted service upon the defendants was ineffective because they did not return the notice and acknowledgment forms. Higgins did not seek service by any other means. Higgins's reliance on certified mail receipts and his contention that the summonses were received by agents for the defendants is misplaced. "[E]ven if the defendant receives actual notice by mail, service is ineffective unless the defendant timely returns the acknowledgment form or the plaintiff attempts follow-up service by some other method." Mason v. Genisco Tech. Corp., 960 F.2d 849, 852 (9th Cir.1992). Thus, any actual knowledge of Higgins's action by the defendants did not cure Higgins's insufficient service under Rule 4(c)(2)(C)(ii). See id.
 
 
 15
 Higgins's ignorance of his error in failing to complete proper service is insufficient to demonstrate good cause. See Hamilton, 981 F.2d at 1065; Townsel, 820 F.2d at 320. Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se. Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987). Additionally, the district court instructed Higgins regarding the necessity of proper service, but Higgins failed to comply with the district court's order. Accordingly, the district court did not abuse its discretion by dismissing the action against the remaining defendants when Higgins refused to furnish the information required to provide service. See Townsel, 820 F.2d at 320.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the same reasons, Higgins was not entitled to a default judgment against the prison officials, nor did the district court err by staying Higgins's discovery request for information about the actions of court staff
 
 
 [2]
 Higgins's motion to file a late reply brief is granted