62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve GILBERT, Petitioner-Appellant,
v.
Edwin T. SHIMODA, Harold Falk, Vernon Moy, Jeanene Oshioro,
Epe Purcell, Marion Shelby, Linda Kaleiwahea, Ray Rice, Pat
Burns, John Does 1-25, Jane Does 1-25, Corrections Division,
State of Hawaii, Roe Governmental Agencies 1-10, Roe
Corporation 1-10, Roe Entities 1-10, Roe Partnerships 1-10,
Respondents-Appellees.
 No. 94-16978.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve Gilbert, a former Hawaii state prisoner, appeals pro se the district court's dismissal of his complaint as well as the district court's failure to appoint counsel. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Claims against Shimoda
 
 3
 Gilbert contends that the district court erred by dismissing his complaint against Shimoda for failure to state a claim. This contention lacks merit.
 
 
 4
 "There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). In order to establish liability under section 1983, an inmate must demonstrate that the official "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Because Gilbert did not allege facts establishing Shimoda's direct participation in the substantive violations of which Gilbert complained, he failed to state a claim. See id.
 
 
 5
 Gilbert's contention that Shimoda violated his constitutional rights by failing to respond to his grievances also fails to state a claim because such failure does not "impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, No. 93-1911, 1995 U.S. LEXIS 4069, at * 27-28 (June 19, 1995) (establishing new test for determining existence of liberty interest); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (finding "no legitimate claim of entitlement to a [prison] grievance procedure.").
 
 
 6
 Accordingly, the district court properly dismissed Gilbert's claims against Shimoda.
 
 B. Claims against Other Defendants
 
 7
 Gilbert contends that the district court erred by dismissing his complaint against all other defendants because he had failed to serve them. Specifically, he contends that he did not receive notice of the inadequacy of his service with sufficient time to correct the deficiency. This contention lacks merit.
 
 
 8
 "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988). Although a pro se litigant proceeding in forma pauperis may seek the court's assistance in serving the summons and complaint, the litigant must request such assistance. Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1991).
 
 
 9
 On July 13, 1991, Gilbert filed an amended complaint which added several prison officials as defendants. Gilbert never served these defendants, nor did he request the court's assistance in effectuating service. Two years later, the magistrate judge issued an order to show cause why Gilbert's complaint should not be dismissed for a failure to prosecute. The district court rejected the magistrate judge's recommendation that Gilbert's complaint be dismissed, but stated that further lack of diligence in prosecuting the claims would result in dismissal. On April 13, 1994, the magistrate judge again recommended dismissal and issued an order to show cause as to why Gilbert had not served the defendants named in his amended complaint. Five months later, the district court rejected Gilbert's attempt to show good cause for failure to serve the additional defendants and dismissed his claims against them.
 
 
 10
 In an attempt to establish good cause under Fed R. Civ. P. 4(m), Gilbert explained that he believed that serving the Attorney General would be sufficient service for the additional defendants.[1] Even if we look to the magistrate judge's second order to show cause as the date on which Gilbert could be held accountable for knowledge of the rules concerning service of process, Gilbert had five months to serve the additional defendants or request the court's assistance in serving them before his complaint was dismissed by the district court. This time period exceeded the 120 days mandated by Fed. R. Civ. P. 4(m). Moreover, ignorance of these rules is insufficient to show good cause under Fed. R. Civ. P. 4(m). See Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir. 1987); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants held to same procedural rules as litigants represented by counsel).
 
 
 11
 Accordingly, the district court did not err by dismissing the complaint as to all defendants who were never served with a copy of the summons and complaint.
 
 C. Appointment of Counsel
 
 12
 Gilbert contends that the district court erred by failing to appoint counsel. This contention lacks merit.
 
 
 13
 In a civil case, the pro se litigant must establish that the likelihood of success or the complexity of the issues are "exceptional" to justify the appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Although Gilbert alleged that the psychological stress caused by his incarceration left him unable to represent himself adequately, a review of Gilbert's pleadings demonstrates that he had the ability to undersand and clearly present his claims. Moreover, Gilbert did not demonstrate that he was likely to succeed on the merits.
 
 
 14
 Accordingly, the district court did not err by failing to appoint counsel.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Therefore, Gilbert's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The applicable procedural rules, however, required that Gilbert serve a copy of the summons and complaint on both the Attorney General and the individual prison officials. See Fed. R. Civ. P. 4(e)(1) (service may be effectuated "pursuant to the law of the state in which the district court is located") and Haw. D. Ct. R. Civ. P. 4(d)(5) (government officials may be served by serving a copy of the summons and complaint on both the Attorney General and the official); cf. Fed. R. Civ. P. 4(h)(2)(i)(1)(A) (same rule for United States government officials)
 
 
 [2]
 Gilbert contends that the district court erred by dismissing his claims before Shimoda had responded adequately to Gilbert's discovery requests. Because Gilbert never responded to the district court's orders to narrow the scope of his interrogatories or explain why Shimoda's answers were inadequate, we conclude the district court did not abuse its discretion by dismissing Gilbert's complaint even though Gilbert was dissatisfied with the amount of discovery conducted. See Fed. R. Civ. P. 26(b)(2) (district court may limit a party's discovery where discovery sought is unreasonably burdensome); Smith v. Hughes Aircraft Co., 22 F.3d 1423, 1441 (9th Cir. 1993) (same)