99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Thomas W. NELSON, Debtor.
Iman SANTASO; James Subekti, Plaintiffs-Appellants,
v.
Thomas NELSON, individually and dba Thomas Nelson
Construction, Debtor-Appellee.
 No. 95-15290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1996.*
Decided Sept. 30, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiffs Iman Santaso and James Subekti appeal the district court's order affirming a bankruptcy court order. Plaintiffs contend that the bankruptcy court abused its discretion when Bankruptcy Judge Ford granted Debtor Thomas Nelson's motion to dismiss for untimely service pursuant to then-Fed.R.Civ.P. 4(j) (now amended and published as Fed.R.Civ.P. 4(m)). Plaintiffs make two arguments: (1) that Judge Ford improperly reconsidered Judge Klein's oral decision to extend the time in which to perfect service, and (2) that Judge Ford abused his discretion in granting Debtor's motion to dismiss under Rule 4(j).
 
 
 4
 Plaintiffs timely appealed the district court's order. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 5
 * The district court's order of January 10, 1995 sets forth a full and fair account of the facts in this case. We summarize them here.
 
 
 6
 On October 16, 1992, Plaintiffs timely filed their adversary complaint to determine the dischargeability of a debt owed them by Debtor. Plaintiffs filed proofs of service on October 15, 1992 for the complaint and October 21, 1992 for the complaint and summons. In both instances, the documents were mailed to the wrong address.
 
 
 7
 When Debtor failed to appear at a November 30, 1992 pretrial conference, Judge Ford entered a default against Debtor and advised Plaintiffs that he would review their complaint to determine whether further evidence was required before entering judgment. On December 7, Judge Ford advised Plaintiffs by letter that their complaint failed to state sufficient facts to support judgment on the claims asserted. He suggested Plaintiffs amend and re-serve their complaint.
 
 
 8
 Plaintiffs filed an amended complaint on February 9, 1993, and a new summons was issued on February 10. A proof of service dated February 9 fails to specify what document was served, and indicates that service was again made on the wrong address.
 
 
 9
 On March 25, 1993, the clerk issued an alias summons and notice of a pre-trial conference set for May 4, 1993. Proof of service filed on March 26 indicates that the alias summons and the first amended complaint were mailed to the wrong address.
 
 
 10
 At the May 4 conference, Debtor orally moved for dismissal on the ground that he had not been served within 120 days of the filing of the complaint. Judge Klein presided over the May 4 conference, and granted Plaintiffs ten additional days to serve the complaint and summons on Debtor at his proper address and continued the pretrial conference until May 17, 1993.
 
 
 11
 Another alias summons was issued on May 5, 1993, and served with the complaint on Debtor and Debtor's counsel by mail on May 6, 1993. The summons and first amended complaint were also personally served on Debtor's counsel on May 6, 1993, and on Debtor at the correct address on May 7, 1993.
 
 
 12
 On May 13, 1993, Debtor filed a written motion for relief from the default and for dismissal of the complaint. Judge Ford granted Debtor's motion on June 14, 1993. The district court affirmed Judge Ford's dismissal on January 10, 1995.
 
 II
 
 13
 We review de novo the district court's decision on an appeal from a bankruptcy court. In re Daily, 47 F.3d 365, 367 (9th Cir.1995). Thus, we apply the same standard of review applied by the district court. In re Siragusa, 27 F.3d 406, 407-408 (9th Cir.1994) (per curiam).
 
 
 14
 "We review for abuse of discretion a [trial] judge's decision to reconsider an interlocutory order by another judge of the same court." Ziffel v. Halliburton Co., 832 F.2d 1477, 1481 (9th Cir.1987) (citing Castner v. First National Bank, 278 F.2d 376, 380 (9th Cir.1960)).
 
 III
 
 15
 Prior to an amendment that was effective December 1, 1993, Federal Rule of Civil Procedure 4(j) read:
 
 
 16
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.
 
 
 17
 Fed.R.Civ.P. 4(j) (emphasis added).
 
 
 18
 This rule is made applicable to bankruptcy proceedings by Bankruptcy Rules 7004(a) and 7004(g). Under this wording of Rule 4(j), dismissal is mandatory if service is not made within 120 days and good cause is not shown. Judge Ford did not abuse his discretion when he dismissed Plaintiffs' complaint, apparently reconsidering Judge Klein's oral grant of additional time to serve the summons and complaint. See Townsel v. Contra Costa County, California, 820 F.2d 319, 321 (9th Cir.1987) ("By providing that the district courts 'shall' dismiss a complaint served over 120 days after its filing unless ... good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case." (citation omitted)).
 
 
 19
 Plaintiffs also argue that Judge Ford abused his discretion in not finding that Plaintiffs' repeated attempts at service to the wrong address constituted good cause for failure to achieve timely service. Judge Ford found that Debtor's bankruptcy petition listed Debtor's correct address, and concluded that there was no good cause for untimely service where Plaintiffs failed to review the main case file to insure that they had the correct address. This conclusion was not an abuse of discretion.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3