103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Craig BUCK, Plaintiff-Appellant,
v.
BOEING COMPANY, Defendant-Appellee.
 No. 96-35215.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Craig Buck appeals pro se the district court's dismissal without prejudice of his action against his former employer, Boeing Company, based on Buck's failure to properly effect service of process pursuant to Fed.R.Civ.P. 4(m). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Buck contends that Boeing had actual notice of his action because it answered the complaint and received case schedules from the King County (Washington) Superior Court and federal district court, therefore, the district court erred in dismissing based on his failure to serve a summons on Boeing within 120 days as provided in Fed.R.Civ.P. 4(m). Prior to removal of the action to federal court, Buck mailed to Boeing a copy of the complaint. Washington law, however, requires that such service be personal service, Washington Civil Rule 4(a), and that the complaint be served with the summons, Washington Civil Rule 4(a)(1). Buck did neither. Accordingly, Buck's attempted service prior to removal was insufficient under Washington law.
 
 
 4
 "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir.1988). A plaintiff whose service of process was incomplete or defective prior to removal may serve process after removal under the federal rules. See 28 U.S.C. § 1448. Ignorance of the rules is insufficient to show good cause to excuse one's failure to effect service under Fed.R.Civ.P. 4(m). See Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). After removal to federal court, Buck made no attempt to serve Boeing with a summons or complaint. Hence, Buck failed to properly serve a summons on Boeing, and failed to establish "good cause" for his failure. Accordingly, the district court's dismissal is affirmed.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We will not consider the additional issues which Buck raises for the first time in this appeal. See EEOC v. Farmer Bros. Co., 31 F.3d 891, 901 (9th Cir.1994)