107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yvonne DAVIS, Plaintiff-Appellant,
v.
LOS ANGELES COUNTY SUPERVISORS; Los Angeles County Counsel;
Los Angeles County Department of Public Social
Services, Defendants-Appellees.
 No. 96-55001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yvonne Davis appeals pro se the district court's dismissal with prejudice of her action for failure to timely serve the defendants with the summons and complaint pursuant to Fed.R.Civ.P. 4(m). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.
 
 
 3
 We review the district court's dismissal for failure to comply with service of process requirements under Fed.R.Civ.P. 4 for abuse of discretion. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987).
 
 
 4
 Fed.R.Civ.P. 4(m) requires that service of process be effected on the defendant within 120 days after the filing of the complaint. If proper service is not accomplished within 120 days after the complaint is filed, and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. See Fed.R.Civ.P. 4(m); Boudette v. Barnette, 923 F.2d 754, 755 (9th Cir.1991). Inadvertent error or ignorance of the governing rules does not constitute good cause. See Townsel, 820 F.2d at 320.
 
 
 5
 Here, Davis filed her complaint in the district court on October 25, 1994. The district court issued several orders to show cause as to why the action should not be terminated based upon failure to prosecute, and granted Davis several extensions of time in which to serve the defendants. In response to the court's numerous orders to show cause, Davis submitted additional pleadings and exhibits. In one of her responses, Davis asserted that her continued failure to serve was based upon her understanding that pending administrative proceedings would be terminated if she served her complaint on defendants.
 
 
 6
 Although Davis misapprehended the effect service of process would have on her administrative proceedings, such ignorance of the governing rules does not constitute good cause. See id. Moreover, there is nothing in the record to indicate that Davis made any attempt to serve the defendants despite the court's orders. See Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992).
 
 
 7
 We conclude that the district court did not abuse its discretion in dismissing the complaint for failure to comply with Fed.R.Civ.P. 4(m). See Boudette, 923 F.2d at 758. However, we vacate the district court's dismissal with prejudice and remand so that the district court may enter an order dismissing the action without prejudice. See Fed.R.Civ.P. 4(m); Townsel, 820 F.2d at 320-21.
 
 
 8
 AFFIRMED in part; VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3