Celerino CARRASCO, Plaintiff–Appellant,

v.

**UNITED STATES of America; et al., Defendants–Appellees.**

Nos. 07–35207, 07–35208.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

Celerino Carrasco, Oaxaca, Mexico, pro se.

Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding. D.C. Nos. CV–06–05104–RJB, CV–06–05084–RJB.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Celerino Carrasco appeals pro se from the district court's judgments dismissing his civil rights actions for failure to serve the summonses and complaints properly under Federal Rule of Civil Procedure 4, and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We review the Rule 4 dismissal for an abuse of discretion, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001), and we affirm.

The district court did not abuse its discretion by dismissing Carrasco's actions because Carrasco failed to establish that he properly served the summonses and complaints despite having additional time to do so and failed to show good cause for further extensions of time. *See* Fed. R.Civ.P. 4(m) (requiring service within 120 days after the complaint is filed); *In re Sheehan*, 253 F.3d at 512–13 (discussing factors to establish good cause for an extension of time); *see also* Fed.R.Civ.P. 4(c), (e), (h), (i) (describing proper methods for service of process).

Because we affirm the district court's dismissal under Rule 4, we do not reach the dismissal under Rule 12(b)(6). *See Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir.1987) (affirming dismissal under Rule 4 and declining to reach alternative grounds for dismissal).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.