**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY TYREE BROWN, | No. 09-35945 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05326-RBL |
| v. | |
| DEVON SCHRUM; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| RICHARD MORGAN; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gregory Tyree Brown, a Washington state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment as to the six served Care Review Committee members because Brown failed to raise a genuine issue of material fact as to whether they knew of and disregarded his serious medical need in denying exploratory hand surgery. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Brown first argued in his objections to the Magistrate Judge's Report and Recommendations that his deliberate indifference and due process claims against the non-Care Review Committee defendants were tolled while he was exhausting the administrative grievance process. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (instructing that the applicable statute of limitations must be tolled while a prisoner completes the mandatory grievance process). On this record, it is not clear whether the district court exercised its discretion to consider Brown's

arguments regarding tolling. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (district court abused its discretion in failing to consider pro se prisoner's equitable tolling argument raised for the first time in objection to magistrate judge's report and recommendations); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) ("[I]n making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion."). We vacate the judgment as to these defendants, and we remand to allow the district court the opportunity to exercise its discretion.

The district court did not abuse its discretion in dismissing without prejudice the unserved defendants, where Brown's motion for an extension of scheduling deadlines was untimely, and he was given notice regarding his responsibilities to serve each named defendant. *See Townsel v. Cnty. of Contra Costa, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (setting forth standard of review and good cause exception for untimely service).

The district court properly exercised its discretion by denying Brown's motion for appointment of counsel because Brown failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 967, 970 (9th Cir. 2009) (not an abuse of discretion to deny appointed counsel where incarcerated plaintiff alleged that incarceration hampered discovery).

The district court did not abuse its discretion by denying Brown's motions to compel discovery, stay defendant's motion for summary judgment, and reopen discovery because the information sought from one defendant was unknown to her and other information sought would not preclude summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("To determine whether discovery would have been fruitless, we look to the legal theories that might sustain the prisoner's claims.").

The district court did not abuse its discretion by declining to impose Rule 11 sanctions because it found the defendant's response to Brown's motion for an extension of time, although likely erroneous, was the result of understandable error and not for any improper purpose. *See Holgate v. Baldwin*, 425 F.3d 671, 675, 676-77 (9th Cir. 2005).

We have reviewed Brown's remaining contentions and conclude they are not persuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**