[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Triton Realty Limited Partnership and Triton Realty, Inc. ("the plaintiffs"), plaintiffs in the above-captioned cases, have moved the Court for an order consolidating these two cases for the purposes of pretrial discovery and pretrial motions. As grounds for this motion, the plaintiffs assert that there are questions of law and fact common to both causes of action, that the various parties involved in the two actions may have interests in the resolution of issues raised in each of the cases, and that the consolidation will further the goal of judicial economy. Burlington Insurance Company objected to the motion, but has since been dismissed from case No. 04-2335. The motion was argued before the Court on January 12, 2005, at which time Burlington voiced objections to consolidation.
Triton Realty LP v. Almeida, C.A. No. 04-2335 is a negligence action brought by the plaintiffs against an insurance agent, an insurance agency, an insurance broker, and two insurance companies seeking damages resulting from the defendants' alleged neglect to add the plaintiffs as additional insureds on a property insurance policy. Triton Realty LP v. Essex, C.A. No. 03-2061 is a declaratory judgment action brought by the plaintiffs to determine the nature and extent of coverage under several insurance policies. The two cases do not involve common questions of law as the former suit is a negligence action, sounding in tort, while the latter involves issues of contract interpretation. The parties agreed at oral argument, however, that it would be reasonable to consolidate for the purpose of taking depositions in order to avoid requiring certain witnesses to be subjected to multiple depositions, particularly as the witnesses would be addressing similar factual issues.
When two or more actions are before the Court, sharing common questions of law or fact, the Court is authorized to order a joint hearing or trial on such issues and make other such orders as will facilitate the avoidance of unnecessary costs and delays. Super. Ct. R. Civ. P. 42. The scope of this authority extends to the issuance of an order to consolidate cases for purposes of discovery. See Newmark v. Turner Broadcasting Network,226 F.Supp.2d 1215 (C.D. Calif. 2002) (consolidating for purposes of trial while reserving the issue of consolidation for trial);Schreiber Foods Int'l, Inc. v. Intercargo Napoli S.R.L., No. 98 CV 5954, 1999 U.S. Dist. LEXIS 679, at *7 (S.D.N.Y. Jan. 26, 1999) (same).
The Court finds that consolidating the two cases for the purpose of deposing witnesses will serve the purposes of conserving the resources of the parties, witnesses, and this Court. Per suggestion of the parties, deposition notices and any objections and motions relating to the taking of depositions shall be served on all parties to both cases, who are free to participate or not, as desired. With respect to the plaintiffs' motion to consolidate for purposes of pretrial motion practice, however, this Court finds that the divergence of issues between the two cases is such that the requested action would not further the goals of consolidation. There is no need, for example, for George Almeida, Jr., a defendant in No. 04-2335, to concern himself with the dispositive motions filed in case No. 03-2061. Accordingly, the plaintiffs' motion to consolidate with regard to pretrial motion practice is denied. The parties are directed to submit an appropriate order for entry.